IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**TOMMIE PERRIS CRAWFORD,**

                **Plaintiff,**

      v.                              CASE NO. 09-3078-RDR

**UNITED STATES OF AMERICA,**

                **Defendant.**


**O R D E R**

    This matter is before the court is a pro se "COMPLAINT" submitted by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas.

    Plaintiff cites his conviction in the United States District Court for the District of Minnesota, wherein a jury found him guilty on charges related to the possession of drugs and a firearm. *See* U.S. v. Crawford, Criminal Case No. 05-294 (D.Minnesota), *aff'd*, 487 F.3d 1101 (8th Cir. 2007). Regarding that criminal proceeding, he states he "registered [it] in the State of Minnesota,[1] for the exemption therein, and delivered a private bond, based thereon, to the U.S. Marshal at Kansas City, KS, for adjustment, to extinguish such tax liability assessed against TOMMIE PERRIS CRAWFORD, and settle such issue of debt claimed..." Complaint, Doc. 1. He further states he is petitioning this court "to quash the final judgment" in that criminal matter and "to order the forthwith

---

[1] Petitioner attaches a December 15, 2008, UCC filing in the State of Minnesota which identifies himself as both debtor and secured party, and a UCC Financing Statement Amendment dated the same date.

discharge of TOMMIE PERRIS CRAWFORD from imprisonment." Id.

Plaintiff appears to be treating his criminal judgment as a negotiable instrument subject to the Uniform Commercial Code, and to be claiming a security interest in that judgment for which he offers a private bond for deposit in the United States Treasury to settle all liability and debt to effect his discharge.[2]

Nonetheless, as it is patently obvious that plaintiff seeks his release from custody, the court liberally construes plaintiff's complaint as one seeking habeas corpus relief. Such relief is limited to that provided through a post-conviction motion under 28 U.S.C. § 2255 filed in the sentencing court to challenge the validity of his conviction or sentence, or though a habeas corpus petition under 28 U.S.C. § 2241 filed in the district of plaintiff's confinement to challenge the manner in which his sentence is being executed. Plaintiff's attempt to effect his release instead through operation of civil commercial statutes and self styled bonds is legally frivolous.[3]

The court thus concludes petitioner is entitled to no relief on

---

[2] Petitioner provides a copy of a "NON-NEGOTIABLE" "SIGHT DRAFT" dated February 26, 2009, for $400,000,000.00 (Four Hundred Million Dollars), payable to the United States Marshal Service, and signed by petitioner. This document further identifies numbers for a UCC Registration, a "UCC Contract Trust Account," a "State Client Account."
Likewise, petitioner submitted with his complaint a similar draft dated April 9, 2009, for $1,000,000,000.00 (One Billion Dollars), payable to the United States District Court.

[3] The court also notes that plaintiff repeatedly advanced without success similar claims and documents in his criminal case in the District of Minnesota, including a similar draft dated February 3, 2009, for $80,000,000.00 (Eighty Million Dollars), payable to the Office of the United States Attorney. The district court judge in that matter recently rejected plaintiff's post-conviction motions as frivolous, and imposed filing restrictions on plaintiff. See U.S. v. Crawford, Crim.No. 05-294 (Doc. 230)(D.Minn. April 22, 2009).

2

his claims as a matter of law, and that this action should be summarily dismissed. 28 U.S.C. § 2243. Plaintiff's pending motions for default judgment and summary judgment are denied.

IT IS THEREFORE ORDERED that the complaint is liberally construed by the court as sounding in habeas corpus, that plaintiff is granted leave to proceed in forma pauperis in this habeas matter, and that plaintiff's complaint is summarily denied.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Doc. 3) and for summary judgment (Doc. 4) are denied.

DATED: This 12th day of June 2009, at Topeka, Kansas.

                                       s/ Richard D. Rogers
                                       RICHARD D. ROGERS
                                       United States District Judge